Paul B. Mengedoth (018507)
**MENGEDOTH LAW FIRM LLC**
2425 E. Camelback Rd., Ste 600
Phoenix, Arizona 85016
Tel: (602) 224-7878
Fax: (602) 224-7879
E-mail: paul@mengedothlaw.com

Attorneys for Plaintiff David Darby

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| David Darby, an individual<br><br>Plaintiff,<br><br>v.<br><br>Credit Protection Association, L.P., a Texas Limited Partnership, Equifax Information Services, LLC, a Georgia Limited Liability Company,<br><br>Defendants. | Case No. _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, David Darby (hereinafter "Darby"), by undersigned counsel, and, for cause of action against Defendants Credit Protection Association, L.P. (hereinafter "Credit Protection") and Equifax Information Services, LLC (hereinafter "Equifax"), states as follows:

1

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff David Darby is an adult resident citizen of Yuma County, Arizona.

2. Defendant Credit Protection Association, L.P., is a Texas corporation registered to do business in the State of Arizona and may be served with process upon C.T. Corporation System, its registered agent for service of process, at 3225 North Central Avenue, Phoenix, AZ 85012.

3. Defendant Equifax Information Services, LLC, is a Georgia corporation registered to do business in the State of Arizona and may be served with process upon Corporation Service Company, its registered agent for service of process, at 2338 West Royal Palm Road, Suite J, Phoenix, AZ 85021.

4. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) of the Federal Fair Credit Reporting Act and A.R.S. § 44-1691 of the Arizona Consumer Reporting and Fair Credit Reporting Act.

5. Jurisdiction of this action is conferred upon this Court by provisions of 28 U.S.C. §§ 1331 and 1332.

6. Jurisdiction of this action is conferred upon this court by 28 U.S.C. § 1343 and 28 U.S.C. § 1377. Plaintiff makes a claim for negligence and defamation upon the common law of the State of Arizona. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1637 for pendent state claims because they arise out of the same operative facts as the federal claims.

7. Supplemental jurisdiction also exists for Plaintiff's claims for willful and/or negligent violations of Article 6 of Title 44, the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act, 44-1691 et seq., because those claims arise out of the same operative facts as the federal claims.

8. The matter in controversy exceeds $75,000.00. Diversity of citizenship exists between the Plaintiff and Defendants.

## II. FACTUAL BACKGROUND

9. Prior to August 2002, Darby resided in Los Banos, California. While residing in Los Banos, Darby had an account with AT&T Broadband for cable TV service.

10. During the third week of August 2002, Darby moved from Los Banos, California to the City of Yuma, Arizona. At that time, he cancelled his cable TV service with AT&T Broadband.

11. Darby then received a bill from AT&T Broadband for September service. Assuming it was a timing issue, he paid the bill even though he did not use the service in September 2002.

12. Darby then received a bill from AT&T Broadband for November service. After several failed attempts to contact AT&T Broadband via telephone, Darby lodged an online dispute with AT&T Broadband, indicating that he had previously cancelled the service in August 2002 and had not used it since that time.

13. Receiving no response to his online dispute, Darby assumed that AT&T Broadband had corrected the billing error.

14. Instead, AT&T Broadband assigned Darby's account and alleged debt to Credit Protection, a debt collector.

15. Credit Protection began collection attempts against Darby. Unknown to Darby, Credit Protection reported the alleged debt as an unpaid collection to Trans Union and Experian for its inclusion on Darby's Experian and Trans Union credit reports. The alleged collection did not appear on Darby's Equifax credit report.

3

16. At some point, Darby learned that the Credit Protection collection account was appearing on his Trans Union credit report. On November 30, 2003, Darby wrote Trans Union and disputed the Credit Protection collection.

17. Upon information and belief, Trans Union, pursuant to 15 U.S.C. § 1681i, forwarded the Plaintiff's dispute regarding the Credit Protection collection to Credit Protection, thereby putting Credit Protection on further notice that he did not owe the amount attempting to be collected.

18. Despite Darby's dispute, Credit Protection instructed Trans Union to continue reporting the Credit Protection collection account on Darby's Trans Union credit report.

19. In November 2004, Darby consulted an attorney, who instructed him to obtain copies of all three of his credit reports, which he did. Only the Experian and Trans Union credit reports contained the Credit Protection collection account.

20. On July 15, 2005, Darby's counsel wrote attorneys for both Experian and Trans Union disputing the Credit Protection collection.

21. Upon information and belief, Trans Union and Experian, pursuant to 15 U.S.C. § 1681i, forwarded Darby's counsel's dispute regarding the Credit Protection collection to Credit Protection, thereby putting Credit Protection on further notice that he did not owe the amount attempting to be collected.

22. Again, Credit Protection instructed both Trans Union and Experian to keep publishing the Credit Protection collection as part of the Plaintiff's credit reports.

23. In April 2006, Darby's counsel wrote Trans Union's counsel regarding the Credit Protection collection. Trans Union at this time agreed to remove the Credit Protection collection from Darby's credit report, as it was obviously erroneous.

4

24. In May 2006, Darby's counsel wrote Experian and disputed the Credit Protection collection. Experian forwarded Darby's counsel's dispute to Credit Protection, who ignored the dispute. As a result, Experian removed the collection from the Plaintiff's credit report in June 2006.

25. Apparently aggrieved that Trans Union and Experian both removed the Credit Protection collection from Darby's credit report, Credit Protection reported the Credit Protection collection to Equifax in June 2006 for inclusion on Darby's credit report.

26. Darby was unaware that Credit Protection had published the collection to Equifax until Citi Cards raised his interest rate on his credit card as a result of adverse credit information appearing on his Equifax credit report, namely the Credit Protection collection.

27. Darby obtained his Equifax credit report, only to find that Credit Protection had published the erroneous collection to Equifax for inclusion on his credit report.

28. On February 2, 2007, Darby wrote Equifax and disputed the inclusion of the Credit Protection collection account on his credit report.

29. Equifax, upon information and belief, forwarded the Plaintiff's dispute to Credit Protection, who instructed Equifax to continue to include the Credit Protection collection on Darby's Equifax credit report.

30. Defendant Credit Protection is a furnisher of credit information to the national consumer reporting agencies and thus owes duties under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

31. Defendant Equifax is a consumer reporting agency, as defined by the Fair Credit Reporting Act and thus also owes duties pursuant to 15 U.S.C. § 1681 et seq.

32. Upon receipt of Darby's dispute letter regarding the Credit Protection collection, 15 U.S.C. § 1681i of the Fair Credit Reporting Act required Equifax to perform a reasonable investigation of the Plaintiff's dispute regarding the Credit Protection collection within thirty days of the receipt of the dispute.

33. Credit Protection also owed a duty to perform a reasonable investigation of the Plaintiff's disputes, pursuant to 15 U.S.C. § 1681s-2(b) and A.R.S. § 44-1695(C). Upon receipt of the Plaintiff's disputes to Equifax, Experian and Trans Union, Credit Protection owed a duty to perform a reasonable investigation with respect to the disputed information pursuant to 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act and A.R.S. § 44-1695(C) of the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act.

### III.  CAUSES OF ACTION

### COUNT I
### WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT

34. Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

35. Credit Protection failed to perform a reasonable investigation of the Plaintiff's disputes and "verified" to Equifax, Experian and Trans Union that the Credit Protection collection should continue to appear in the Plaintiff's credit files. Credit Protection's actions constitute negligent and/or willful violations of the Fair Credit Reporting Act.

36. Equifax also negligently and/or willfully violated 15 U.S.C. § 1681i by failing to perform a reasonable investigation of the Plaintiff's dispute. 15 U.S.C. § 1681i requires Equifax to perform a reasonable investigation of the Plaintiff's dispute of the Credit Protection collection. Equifax negligently and/or willfully violated 15 U.S.C. § 1681i by failing to reasonably investigate the Plaintiff's dispute.

6

37. 15 U.S.C. § 1681e(b) requires Defendant Equifax to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit reports. Equifax negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit history.

38. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the Defendants' actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs. In addition, the Defendants' actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

## COUNT II

**WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE ARIZONA CONSUMER REPORTING AGENCIES AND FAIR CREDIT REPORTING ACT**

39. Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

40. Credit Protection failed to perform a reasonable investigation of the Plaintiff's disputes and "verified" to Equifax, Experian and Trans Union that the Credit Protection collection should continue to appear in the Plaintiff's credit files. Credit Protection's actions constitute negligent and/or willful violations of the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act.

41. Equifax also negligently and/or willfully violated A.R.S. §§ 44-1694 and 44-1695 by failing to perform a reasonable investigation of the Plaintiff's dispute. A.R.R. §§ 44-1694 and 44-1695 require Equifax to perform a reasonable investigation of the Plaintiff's dispute of the Credit Protection collection. Equifax negligently and/or willfully violated A.R.S. § 44-1694 by failing to reasonably investigate the Plaintiff's dispute.

7

42. A.R.S. § 44-1695 (C) requires Defendant Equifax to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit reports. Equifax negligently and/or willfully violated A.R.S. § 1695(C) by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit history.

43. Pursuant to A.R.S. § 44-1695, the Defendants' actions in negligently violating the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs. In addition, the Defendants' actions in willfully violating the Arizona Consumer Reporting Agencies and Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages, punitive damages, attorneys' fees and costs, pursuant to A.R.S. § 44-1695 (C).

## COUNT III

## NEGLIGENCE

44. Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

45. Defendants owed a duty to use reasonable care to truthfully and accurately maintain and provide information and to follow reasonable procedures to assure the accuracy of the information maintained and provided.

46. Defendants breached their duty of care to Plaintiff by maintaining and publishing false, inaccurate, and misleading information to third parties.

47. The conduct of Defendants constitutes negligence.

48. As a direct and proximate result of the conduct of Defendants, Plaintiff has been damaged. Plaintiff has suffered adverse actions, mental anxiety, emotional suffering, physical pain, worry, humiliation, mental distress and pre-litigation attorney's fees. In addition, Plaintiff has incurred and will continue to incur litigation expenses and post litigation

1  attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary.  Further, Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

49.   The willful conduct of Defendants in, respectively, compiling, maintaining, analyzing and publishing false, inaccurate and misleading information regarding Plaintiff was negligent and without just cause or excuse and entitles Plaintiff to the recovery of punitive damages.

## COUNT IV

## DEFAMATION

50.   Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

51.   Defendants also maliciously and/or willfully defamed the Plaintiff by their continued publication of the Credit Protection collection to third parties after they knew or should have known that the collection was erroneous.

52.   Defendants' actions and omissions are evidence of their recklessness, gross negligence, and a wanton disregard for the Plaintiff's rights, personal and financial safety, credit reputation and good name, as well as his emotional well being.

53.   Because of the acts and omissions of Defendants, the Plaintiff has suffered adverse actions, mental anxiety, emotional suffering, physical pain, worry, humiliation, mental distress and pre-litigation attorney's fees.   In addition, the Plaintiff has incurred and will continue to incur litigation expenses and post litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary.  Further, Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

9

54. As a result of Defendants' willful violations of 15 U.S.C. § 1681 et seq. and their malicious defamations of the Plaintiff's good name, the Plaintiff is entitled to punitive damages from Defendants.

WHEREFORE, the Plaintiff respectfully demands damages of and from Defendants Credit Protection and Equifax in an amount to be determined by the jury as actual and compensatory damages; and further demands judgment for punitive damages in such amount as the jury may determine appropriate to deter this conduct in the future and as allowed by law, as well as attorneys' fees and litigation expenses.

### IV.   DEMAND FOR JURY TRIAL

49. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

DATED this 21 day of May, 2007.

**MENGEDOTH LAW FIRM LLC**

By: ___s/ Paul B. Mengedoth_____
Paul B. Mengedoth
2425 E. Camelback Rd., Ste 600
Phoenix, Arizona 85016
paul@mengeodthlaw.com
Attorneys for Plaintiff David Darby